No. 19-126

IN THE

# United States Court of Appeals for the Federal Circuit

IN RE GOOGLE LLC,

*Petitioner.*

On Petition for a Writ of Mandamus to the
United States District Court for the
Eastern District of Texas
Nos. 2:18-cv-00462, -00463, Hon. Rodney Gilstrap

**BRIEF OF ACUSHNET, BIGCOMMERCE, CHARGEPOINT, CHECKPOINT SOFTWARE TECHNOLOGIES, DISH NETWORK, EBAY, FITBIT, GARMIN, HIGH TECH INVENTOR'S ALLIANCE, HP, L BRANDS, MERIT MEDICAL SYSTEMS, NETFLIX, QUANTUM CORPORATION, RINGCENTRAL, TWITTER, WALMART, AND WILLIAMS-SONOMA AS AMICI CURIAE IN SUPPORT OF PETITIONER**

Eric A. Shumsky
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005

Abigail Colella
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd St
New York, NY 10019

Clement Roberts
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700

*Counsel for Amici Curiae Acushnet, BigCommerce, ChargePoint, Checkpoint Software Technologies, DISH Network, eBay, Fitbit, Garmin, High Tech Inventors Alliance, HP, L Brands, Netflix, Quantum Corporation, RingCentral, Twitter, Walmart, and Williams-Sonoma.*

[additional counsel listed on the inside cover]

Brent Lorimer
WORKMAN NYDEGGER
60 East South Temple
Suite 1000
Salt Lake City, UT 84111
(801) 553-9800

*Counsel for Amicus Curiae Merit Medical Systems*

**FORM 9. Certificate of Interest** **Form 9 Rev. 10/17**

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

In re Google LLC v. ____________

Case No. 19-126

**CERTIFICATE OF INTEREST**

Counsel for the:
□ (petitioner) □ (appellant) □ (respondent) □ (appellee) ■ (amicus) □ (name of party)

Acushnet Company, BigCommerce, Inc., ChargePoint, Inc., Check Point Software Technologies, Inc., DISH Network LLC, eBay Inc., Fitbit, Inc., Garmin International, Inc., High Tech Inventor's Alliance, HP Inc., L Brands, Inc., Netflix, Inc., Quantum Corporation, RingCentral, Inc., Twitter, Inc., Walmart, Inc., and Williams-Sonoma, Inc.

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| Acushnet Company | N/A | Acushnet Holdings Corp. |
| BigCommerce, Inc. | N/A | None |
| ChargePoint, Inc. | N/A | None |
| Check Point Software Technologies, Inc. | N/A | Check Point Software Technologies Ltd. |
| DISH Network L.L.C. | N/A | DISH Network L.L.C. is a wholly-owned subsidiary of DISH DBS Corporation, a corporation with publicly traded debt.<br>DISH Network L.L.C. and DISH DBS Corporation are wholly-owned indirect subsidiaries of DISH Network Corporation, a corporation with publicly traded equity (NASDAQ: DISH). |
| eBay Inc. | N/A | None |
| Fitbit, Inc. | N/A | None |
| Garmin International, Inc. | N/A | Garmin International, Inc. is a wholly-owned subsidiary of Garmin Ltd., a publicly-held company. |

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| High Tech Inventor's Alliance | N/A | No parent corporation and no company owns 10% or more of its stock. HTIA's members are as follows: Adobe Systems, Inc.; Amazon.com, Inc.; Cisco Systems, Inc.; Dell Inc.; Google Inc.; Intel Corporation; Oracle Corporation; salesforce.com, inc.; and Microsoft Corp. |
| HP Inc. | N/A | None |
| L Brands, Inc. | N/A | None |
| Netflix, Inc. | N/A | None |
| Quantum Corporation | N/A | None |
| RingCentral, Inc. | N/A | None |
| Twitter, Inc. | N/A | None |
| Walmart, Inc. | N/A | None |
| Williams-Sonoma, Inc. | N/A | None |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:

None

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b). (The parties should attach continuation pages as necessary).

None

September 24, 2019
Date

/s/ *Clement Roberts*
Signature of counsel

Please Note: All questions must be answered

Clement Roberts
Printed name of counsel

cc: Counsel of record

**FORM 9. Certificate of Interest** **Form 9 Rev. 10/17**

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

In re Google LLC **v.** ______

Case No. 19-126

**CERTIFICATE OF INTEREST**

Counsel for the:
□ (petitioner) □ (appellant) □ (respondent) □ (appellee) ■ (amicus) □ (name of party)

Merit Medical Systems, Inc.
certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| Merit Medical Systems, Inc. | Merit Medical Systems, Inc. | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:

None

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b). (The parties should attach continuation pages as necessary).

Merit Medical Systems, Inc. is involved in Fed. Cir. Appeal No. 19-1952, which challenges a district court's determination that venue was improper, but does not believe that this case will directly affect that appeal or that this case will be directly affected by that appeal.

9/24/2019
Date

/s/ *Brent P. Lorimer*
Signature of counsel

Please Note: All questions must be answered

Brent P. Lorimer
Printed name of counsel

cc: Counsel of record

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST .......... i
TABLE OF AUTHORITIES .......... vii
STATEMENT OF INTEREST .......... 1
INTRODUCTION .......... 3
ARGUMENT .......... 5
I. The Right To A Writ Is Clear And Indisputable Because A Thing Is Not A Place. .......... 5
II. The Uncertainty Caused By The District Court's Decisions Is An Especially Strong Justification For Mandamus. .......... 11
CONCLUSION .......... 16
CERTIFICATE OF SERVICE
CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re BigCommerce, Inc.*,
890 F.3d 978 (Fed. Cir. 2018) .................................................. 3, 11, 12

*Cheney v. U.S. Dist. Court for D.C.*,
542 U.S. 367 (2004) ........................................................................ 12

*In re Cordis Corp.*,
769 F.2d 733 (Fed. Cir. 1985) .............................................................. 8

*In re Cray, Inc.*,
871 F.3d 1355 (Fed. Cir. 2017) ...................................... 6, 7, 8, 9, 12, 16

*CUPP Cybersecurity LLC. v. Symantec Corp.*,
No. 3:18-cv-01554-M, 2019 WL 1070869 (N.D. Tex. Jan. 16, 2019) ........................................................................................ 8, 15

*Dep't of Homeland Sec. v. MacLean*,
135 S. Ct. 913 (2015) ........................................................................ 7

*In re Google LLC*,
No. 2018-152, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018) ................. 9

*In re Google LLC*,
914 F.3d 1377 (Fed. Cir. 2019) .......................................................... 14

*La Buy v. Howes Leather Co.*,
352 U.S. 249 (1957) ........................................................................ 11

*In re Micron Tech., Inc.*,
875 F.3d 1091 (Fed. Cir. 2017) .................................................. 11, 12

*Olberding v. Ill. Cent. R.R. Co.*,
346 U.S. 338 (1953) .......................................................................... 3

*Peerless Network, Inc. v. Blitz Telecom Consulting, LLC*,
No. 17-cv-1725 (JPO), 2018 WL 1478047 (S.D.N.Y. Mar. 26, 2018) ........................................................................................... 9

*Personal Audio, LLC v. Google, Inc.*,
280 F. Supp. 3d 922 (E.D. Tex. 2017)............................................9, 15

*Personalized Media Commc'ns, LLC v. Akamai Techs., Inc.*,
No. 2:19-cv-00089-JRG (E.D. Tex. filed Mar. 21, 2019) ..................... 12

*Personalized Media Commc'ns, LLC v. Google LLC*,
No. 2:19-cv-00090-JRG (E.D. Tex. filed Mar. 21, 2019) ..................... 12

*Personalized Media Commc'ns, LLC v. Netflix, Inc*,
No. 2:19-cv-00091-JRG (E.D. Tex. filed Mar. 21, 2019) ..................... 12

*Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*,
No. 18-cv-00549-BKS-CFH, 2019 WL 3755446 (N.D.N.Y.
Aug. 7, 2019)........................................................................................ 9

*SAS Inst., Inc. v. Iancu*,
138 S. Ct. 1348 (2018) ........................................................................ 7

*Schnell v. Peter Eckrich & Sons, Inc.*,
365 U.S. 260 (1961) ................................................................. 3, 9, 10

*Seven Networks, LLC v. Google LLC*,
315 F. Supp. 3d 933 (E.D. Tex. 2018)............................................... 5, 8

*Uniloc 2017 LLC v. Google LLC*,
No. 2:18-cv-00502-JRG-RSP (E.D. Tex. filed Nov. 17,
2018) ................................................................................................. 12

*Uniloc 2017 LLC v. Google LLC*,
No. 2:18-cv-00550-JRG (E.D. Tex. filed Dec. 31, 2018)...................... 12

*Uniloc USA, Inc. v. Amazon.com, Inc.*,
No. 2:18-cv-00081-JRG (E.D. Tex. filed Mar. 16, 2018) ..................... 12

*Uniloc USA, Inc. v. RingCentral, Inc.*,
No. 2:17-cv-00354-JRG (E.D. Tex. filed Apr. 25, 2017)...................... 12

*United States v. Sisson*,
399 U.S. 267 (1970) ................................................................... 11, 13

*In re ZTE (USA) Inc.*,
890 F.3d 1008 (Fed. Cir. 2018) .......... 12, 16

**Statutes and Rules**

28 U.S.C. § 1391(b)(2) .......... 7

28 U.S.C. § 1400(b) .......... 6

Fed. R. App. P. 29(a)(4) .......... 2

**Other Authorities**

Black's Law Dictionary (6th ed. 1990) .......... 7

Brian J. Love & James Yoon, *Predictably Expensive—A Critical Look at Patent Litigation in the Eastern District of Texas*, 20 Stan. Tech. L. Rev. 1 (2017) .......... 13

U.S. District Court for the Eastern District of Texas General Order No. 19-13 (August 26, 2019), http://www.txed.uscourts.gov/sites/default/files/goFiles/GO-19-13.pdf] .......... 15

William Dwight Whitney, The Century Dictionary (Benjamin E. Smith ed., 1911) .......... 6, 7

## STATEMENT OF INTEREST

Amici—Acushnet Company, BigCommerce, Inc., ChargePoint, Inc., Check Point Software Technologies, Inc., DISH Network LLC, Fitbit, Inc., Garmin International, Inc., eBay, Inc., HP Inc., L Brands, Inc., Merit Medial Systems, Netflix, Inc., Quantum Corporation, RingCentral, Inc., Twitter, Inc., Walmart, Inc., and Williams-Sonoma, Inc—are among the world's leading businesses. Many amici are technology companies, providing streaming services, search engines, telecommunications, cloud storage, network security, e-commerce websites, and Internet infrastructure relied on by tens of millions of people and businesses in the US (and many more around the world). Other amici are manufacturers with nationwide business interests. They ship goods to, have representatives in, or maintain equipment in venues across the country where they have no regular and established place of business.

Amicus High Tech Inventors Alliance is an organization of major technology companies (Adobe, Amazon.com, Cisco, Dell, Google, Intel, Oracle, Microsoft, and Salesforce) that promotes investment in new

technologies through the advancement of a fair and efficient patent litigation system.[1]

Amici have many different interests, but they are united in their interest in having predictable venue rules that are aligned with the text of the venue statute and are applied consistently across districts.

The approach adopted by the district court undermines that vital interest in multiple ways. It is inconsistent with the text of the patent venue statute. It is inconsistent with how the statute has been interpreted by every other court to consider the question. It would transform clear statutory text into an ambiguous "totality of the circumstances" test. And it will create enormous inefficiencies—not just by forcing litigants to conduct extensive and unnecessary venue discovery, but by creating a situation in which many cases assigned to this district court will have to be *relitigated* in a proper venue once the

---

[1] Pursuant to Fed. R. App. P. 29(a)(4), amici state that no party's counsel authored this brief in whole or in part. Although Google LLC is a member of High Tech Inventors Alliance, no party, party's counsel, or any person other than amici or their counsel contributed money intended to fund preparing or submitting this brief.

Amici further state that counsel for both parties received timely notice of amicus's intent to file this brief. Petitioner consented. Respondent did not. Amici have therefore moved for leave to file.

anomalous approach to venue has been corrected on appeal. Amici therefore respectfully urge the Court to grant the petition and to clarify that the presence of equipment in a district does not create a "place" within the meaning of the patent venue statute.

## INTRODUCTION

It is black-letter law that "'[t]he requirement of venue'"—and the patent venue statute in particular—"'is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a "liberal" construction.'" *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961) (quoting *Olberding v. Ill. Cent. R.R. Co.*, 346 U.S. 338, 340 (1953)); *accord In re BigCommerce, Inc.*, 890 F.3d 978, 985 (Fed. Cir. 2018) ("We cannot ignore the requirements of the statute merely because different requirements may be more suitable for a more modern business environment. Such policy-based arguments are best directed to Congress.")

Yet, in the case below, the court gave the patent venue statute a highly expansive reading—holding, for the second time, that physical *equipment* constitutes a "place." Appx2. The court's holding is

inconsistent with the statutory text, the meaning of the word "place" as interpreted by this Court, and the holdings of *all* other district courts that have considered this issue—including, as Google notes, courts within the same district. It is, in short, an aberrant interpretation of the patent venue statute, and it has created an untenable situation in which one rule is followed by a single court within the Eastern District of Texas while a very different rule applies everywhere else.

The problems caused by this inconsistency are of great importance to the innumerable companies, including many amici, that deploy equipment in places where they do not have offices. For that reason, amici strongly agree with Google that "the legal issues presented by this petition are cross-cutting and not confined to Google or to any unique set of facts." Petition at 4. All of the undersigned companies are being negatively affected by the district court's approach below, either because they have been sued on an equipment-based venue theory, because they have had to reassess their commercial relationships with a view to avoiding such a lawsuit, or because the district court's approach creates uncertainty that hinders their ability to plan for the future.

The district court's approach also creates enormous judicial inefficiency. It is leading to 6-12 months of costly, contested venue proceedings that would be unnecessary if this Court clarified the law; and it means that multiple cases are going forward under an "equipment-based" venue theory—cases that will need to be relitigated in proper venues after appeal. Mandamus is appropriate for this Court to clarify the proper scope of the patent venue statute.

## ARGUMENT

### I. The Right To A Writ Is Clear And Indisputable Because A Thing Is Not A Place.

The decision below rests on the notion that a *thing* (here, a computer server) occupies space and may therefore be a "place" under the patent venue statute. As the same district court put it in *Seven Networks, LLC v. Google LLC* (the order upon which the decision below relied): "The '*place'* is specifically localized: a physical server *occupying a physical space*." 315 F. Supp. 3d 933, 951 (E.D. Tex. 2018) (emphasis added). In *Seven Networks*, the district court found that venue existed because of "the installation of Google's own servers *in a physical space that becomes Google's*." *Id*. at 952 (emphasis altered). In short, the court reasoned that the three-dimensional space taken up by a physical

object was, in itself, a "place" as that term is used in § 1400(b). In the order at issue here, the court did not revisit its analysis but instead merely cited to its prior opinion, from which it saw "no reason to depart." Appx2.

The district court's approach is clearly wrong.

*First*, this approach is inconsistent with the plain text of the patent venue statute. Section 1400(b) says that the defendant must have a "place of business" in the district. Neither the word "place" nor the phrase "place of business" is a synonym for "thing." To the contrary, this Court has held that, in the patent venue statute, the word "place" means "'[a] building or a part of a building set apart for any purpose' or 'quarters of any kind.'" *In re Cray, Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017) (quoting William Dwight Whitney, The Century Dictionary 4520 (Benjamin E. Smith ed., 1911)). The same dictionary says a "thing" is "any object, substance, attribute, idea." The Century Dictionary, *supra*, at 6291. The two concepts are fundamentally different.

*Second,* the difference between places and things is reflected in the underlying structure of the venue statutes. In the *general* civil venue provision, Congress authorized suit where "a substantial part of

[the] *property* that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2) (emphasis added). Unlike "place," the word "property" can include objects, *see, e.g.,* The Century Dictionary, *supra*, at 4777 ("chattels and land"); Black's Law Dictionary 1216 (6th ed. 1990) ("lands or tenements, goods or chattels"). By construing § 1400(b) as *also* giving rise to venue where a defendant has "property," the district court's approach fails to give meaning to the textual difference between the two venue provisions. *See Dep't of Homeland Sec. v. MacLean*, 135 S. Ct. 913, 920-21 (2015) (Congress's use of clear language in one statute suggests it did not intend to convey the same meaning through "obscure" language in another); *cf. SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1355 (2018) ("Where a statute's language carries a plain meaning, the duty of an administrative agency is to follow its commands as written, not to supplant those commands with others it may prefer.").

*Third*, the district court's approach is not faithful to this Court's prior decisions. In *Cray*, this Court held that the lower court had "erred as a matter of law in holding that 'a fixed physical location in the district is not a prerequisite to proper venue.'" 871 F.3d at 1362. Instead, it explained, "place" means "a building," "quarters," or other

"geographical location." *Id.* A server is, of course, not a "fixed physical location" nor is it a building, quarters or geographical location.[2]

The district court's approach is likewise inconsistent with *In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985). *Cordis* held that a sales representative's home office established a corporation's "place of business" because, among other reasons, the representatives "continually maintain a stock of its products within the district." *Id.* at 737. The presence of the inventory helped to show that the *home office* was a "place of business." But if the inventory *itself* could be considered a "place of business," this Court would have said so—rather than merely using the inventory to support a showing that the *building* was a place of business.

*Fourth*, the district court's decision conflicts with decisions of other district courts that have considered this question. *See, e.g.*, *CUPP Cybersecurity LLC. v. Symantec Corp.*, No. 3:18-cv-01554-M, 2019 WL

---

[2] The fact that the servers are moveable objects (rather than "fixed physical locations") is clear even from *Seven Networks,* in which the district court noted that Google's contracts with the ISPs provided that, upon termination of the contract: "Host will *remove, package and ship* … all Equipment back to Google" within 15 days. 315 F. Supp. 3d at 952.

1070869, at *3 (N.D. Tex. Jan. 16, 2019); *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 934-35 (E.D. Tex. 2017); *cf. Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, No. 18-cv-00549-BKS-CFH, 2019 WL 3755446, at *13 (N.D.N.Y. Aug. 7, 2019); *Peerless Network, Inc. v. Blitz Telecom Consulting, LLC,* No. 17-cv-1725 (JPO), 2018 WL 1478047, at *3 (S.D.N.Y. Mar. 26, 2018). Those other decisions came both before and after the district court's decision in *Seven Networks*. And their contrary conclusion shows that the decision below is an aberrant interpretation of the venue statute.

*Fifth*, the district court's approach is flatly inconsistent with the patent venue statute's purpose of providing clear rules that provide companies certainty in predicting where they will be subject to suit. *Schnell*, 365 U.S. at 262; *Cray*, 871 F.3d at 1361.

This inconsistency is demonstrated (among other places) by the district court's response to the concerns expressed by the judges who dissented from the denial of mandamus in *Seven Networks*. That dissent noted that the district court's approach "suggests that merely owning and controlling computer hardware (i.e., servers) that is involved in some company business is sufficient" to confer venue. *In re*

*Google LLC*, No. 2018-152, 2018 WL 5536478, at *5 (Fed. Cir. Oct. 29, 2018) (Reyna, J., dissenting). The district court responded with a hedge. It said that whether or not a piece of equipment was a "place" depended on the "unique facts of each case." Appx3. It then noted that its decision in *this* case "was grounded largely on the fact that (1) Google's business is delivering online content to users, and (2) the GGC servers are a part of Google's three-tiered network that conducts this very activity." *Id.*

But this vague and context-dependent approach does not comport with the goal of giving meaning to the "specific and unambiguous" commands of the patent venue statute. *Schnell,* 365 U.S. at 264. And the district court's *factual* analysis shows why. It is difficult to see, for example, why a piece of equipment (here, a server) would count as a place merely because "Google's business is delivering online content" or because the computer is part of a network. Appx3. The nature of a defendant's business might help to indicate whether and how an identified place is related to a defendant's activities (and thus whether it is a place "of the defendant"), but the meaning of the word "place" does not depend on the kind of business the defendant conducts. Put

differently, a computer is a *thing* regardless of *how* it is used, *who* is using it or *what other* computers it works with.

## II. The Uncertainty Caused By The District Court's Decisions Is An Especially Strong Justification For Mandamus.

This Court has long held it appropriate to grant mandamus relief "where doing so is important to 'proper judicial administration.'" *In re Micron Tech., Inc.*, 875 F.3d 1091, 1095 (Fed. Cir. 2017) (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259-60 (1957)); *see also, e.g.*, *BigCommerce*, 890 F.3d at 981 (mandamus can "further supervisory or instructional goals where issues are unsettled and important").

In this case, mandamus is appropriate because the district court's decision gives rise to enormous uncertainty and inefficiency, which is intolerable where questions of a court's power are concerned. "Clarity is to be desired in any statute, but in matters of jurisdiction it is especially important. Otherwise the courts and the parties must expend great energy, not on the merits of dispute settlement, but on simply deciding whether a court has the power to hear a case." *United States v. Sisson*, 399 U.S. 267, 307 (1970). Venue presents similar considerations, which is why courts have issued writs of mandamus "'to confine [the district court] to a lawful exercise of its prescribed jurisdiction,'" and to provide

clarity about the proper meaning of the patent-venue statute. *Micron*, 875 F.3d at 1095 (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)); *see also id.* at 1096; *BigCommerce*, 890 F.3d at 981; *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1011 (Fed. Cir. 2018); *Cray*, 871 F.3d at 1359-60.

Providing clarity is particularly appropriate here.

*First*, the decision has resulted in numerous suits being filed in the Eastern District of Texas under "equipment-based" theories.[3] In such cases, the parties have been put to the additional burden and expense of venue-based discovery and briefing *in addition to* merits-based discovery. Thus, the lack of clarity created by the district court's approach has resulted in a dramatic example of the problem articulated

---

[3] *See, e.g.*, *Personalized Media Commc'ns, LLC v. Netflix, Inc,* No. 2:19-cv-00091-JRG (E.D. Tex. filed Mar. 21, 2019); *Personalized Media Commc'ns, LLC v. Akamai Techs., Inc.,* No. 2:19-cv-00089-JRG (E.D. Tex. filed Mar. 21, 2019); *Personalized Media Commc'ns, LLC v. Google LLC*, No. 2:19-cv-00090-JRG (E.D. Tex. filed Mar. 21, 2019); *Uniloc USA, Inc. v. Amazon.com, Inc.*, No. 2:18-cv-00081-JRG (E.D. Tex. filed Mar. 16, 2018); *Uniloc USA, Inc. v. RingCentral, Inc.*, No. 2:17-cv-00354-JRG (E.D. Tex. filed Apr. 25, 2017); *Uniloc 2017 LLC v. Google LLC,* No. 2:18-cv-00550-JRG (E.D. Tex. filed Dec. 31, 2018); *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00502-JRG-RSP (E.D. Tex. filed Nov. 17, 2018).

by the Supreme Court in *United States v. Sisson*—enormous sums being spent "simply deciding whether a court has the power to hear a case." 399 U.S. at 307.

That burden and expense are particularly great in this context. Discovery in the Eastern District of Texas begins particularly quickly. *See* Brian J. Love & James Yoon, *Predictably Expensive—A Critical Look at Patent Litigation in the Eastern District of Texas*, 20 Stan. Tech. L. Rev. 1, 21-22 (2017). And venue rulings in that court take unusually long. *Id.* at 16-17 & tbl. 5, 22. This combination means that "by virtue of being sued in the Eastern District, an accused infringer will be forced to incur large discovery costs, regardless of the case's connection to East Texas or the merits of its noninfringement contentions." *Id.* at 23-24.

*Second*, because the district court's approach relies on a "totality of the circumstances" approach, it is impossible for *amici* to effectively plan for the future. When a business does not know which facts will cause a court to consider its inventory or equipment to be a "place" within the meaning of the patent venue statute, that business cannot organize its activities to avoid being haled into court in venues where it lacks offices, people, and logistical resources.

And the district court's approach has created a slippery slope with a particularly sharp angle. Because the district court says that *all* facts will be considered in deciding whether a piece of equipment constitutes a "place of business," plaintiffs already are arguing (among other things) that a defendant need not even own the relevant servers, and that other equipment (like generic routers and switches) also gives rise to venue.

*Third*, absent this Court's intervention through mandamus, massive inefficiency will result. *Amici* understand that there may have been an impulse to await additional "percolat[ion]" when this issue was presented on mandamus in *Seven Networks*. *In re Google LLC*, 914 F.3d 1377, 1378 (Fed. Cir. 2019) (Reyna, J., dissenting). But while there may be benefits to waiting for an issue to percolate, there also are substantial costs. It may be months or years until the Court has an opportunity to address this issue through a direct appeal. By the time that happens, a very large number of cases will likely need to be relitigated if (as amici expect) the Court reverses the rule challenged by the Petition. And, because several other district courts have issued well-reasoned decisions on the issue, all of them rejecting the approach

below, the balance between the costs and benefits of continued percolation now weighs heavily in favor of a prompt resolution.

*Fourth*, because the Eastern District of Texas employs an unconventional case assignment process in which 100% of the patent cases filed in Marshall, Texas are assigned to the specific district court that issued the order below,[4] plaintiffs can effectively choose whether to proceed under the precedent challenged by the Petition or the opposite rule followed by other courts within that district. *See Personal Audio*, 280 F. Supp.3d at 926 (rejecting the rule of *Seven Networks*); *CUPP Cybersecurity*, 2019 WL 1070869 at *3 (identifying the split between *Personal Audio* and *Seven Networks* and holding that "servers do not constitute a regular and established place of business."); *compare* Appx2 n.2 (noting that the court "disagrees with the legal analysis in *CUPP* for the same reasons it declined to follow *Personal Audio* in *SEVEN*."). Allowing plaintiffs to select their preferred venue rules is incompatible with the principle that there should be "uniform national

[4] U.S. District Court for the Eastern District of Texas General Order No. 19-13 (August 26, 2019), http://www.txed.uscourts.gov/sites/default/files/goFiles/GO-19-13.pdf.

rule[s] to address the propriety of patent-specific venue." *ZTE*, 890 F.3d at 1013; *see Cray*, 871 F.3d at 1359 (noting the "need for greater uniformity" in the patent-venue statute's interpretation).

*Fifth*, the approach taken by the district court is already creating market-distorting incentives. Amici are aware of companies that have decommissioned equipment within the Eastern District of Texas in order to avoid being sued under the district court's ruling. If the current situation continues, other companies will almost certainly feel the need to alter their commercial relationships to avoid such suits. The Court should grant the petition to clarify the law and remedy this untenable situation.

## CONCLUSION

For the foregoing reasons, and those set forth in the Petition, the Court should issue a writ of mandamus directing the district court to dismiss or transfer the case for lack of proper venue.

September 24, 2019

Respectfully submitted,

/s/Clement Roberts
Clement Roberts
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700

Eric A. Shumsky
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005

Abigail Colella
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd St
New York, NY 10019

*Counsel for Amici Curiae Acushnet, BigCommerce, ChargePoint, Checkpoint Software Technologies, DISH Network, eBay, Fitbit, Garmin, High Tech Inventors Alliance, HP, L Brands, Netflix, Quantum Corporation, RingCentral, Twitter, Walmart, and Williams-Sonoma*

Brent Lorimer
WORKMAN NYDEGGER
60 East South Temple
Suite 1000
Salt Lake City, UT 84111
(801) 553-9800

*Counsel for Amicus Curiae Merit Medical Systems*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on September 24, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Clement Roberts*

Clement Roberts
*Counsel for Amici Curiae Acushnet, BigCommerce, ChargePoint, Checkpoint Software Technologies, DISH Network, eBay, Fitbit, Garmin, High Tech Inventors Alliance, HP, L Brands, Netflix, Quantum Corporation, RingCentral, Twitter, Walmart, and Williams-Sonoma*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a) and Fed. R. App. P. 29(a)(5), because this brief contains 3222 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Clement Roberts*
Clement Roberts
*Counsel for Amici Curiae Acushnet, BigCommerce, ChargePoint, Checkpoint Software Technologies, DISH Network, eBay, Fitbit, Garmin, High Tech Inventors Alliance, HP, L Brands, Netflix, Quantum Corporation, RingCentral, Twitter, Walmart, and Williams-Sonoma*