**Appeal No. 2019-126**

# In the United States Court of Appeals for the Federal Circuit

IN RE: GOOGLE LLC

*Petitioner.*

On Petition for Writ of Mandamus from the United States District Court for the Eastern District of Texas, No. 2:18-cv-00462, -00463. The Honorable **Rodney Gilstrap**, Judge Presiding.

## BRIEF OF *AMICUS CURIAE* US INVENTOR, INC. IN SUPPORT OF RESPONDENT'S PETITION FOR REHEARING *EN BANC*

ROBERT P. GREENSPOON
FLACHSBART & GREENSPOON, LLC
333 NORTH Michigan Avenue
27th Floor
Chicago, Illinois 60601
(312) 551-9500
rpg@fg-law.com

*Counsel for Amicus Curiae US Inventor, Inc.*

March 30, 2020

COUNSEL PRESS · (866) 703-9373 PRINTED ON RECYCLED PAPER

FORM 9. Certificate of Interest | Form 9 Rev. 10/17

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

In re: Google LLC v. ______

Case No. 2019-126

**CERTIFICATE OF INTEREST**

Counsel for the:
☐ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ▣ (amicus) ☐ (name of party)

US Inventor, Inc.

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| US Inventor, Inc. | None | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:

None.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b). (The parties should attach continuation pages as necessary).

None.

3/30/2020
Date

/s/ Robert P. Greenspoon
Signature of counsel

Please Note: All questions must be answered

Robert P. Greenspoon
Printed name of counsel

cc: Counsel of Record

**Reset Fields**

## TABLE OF CONTENTS

TABLE OF CONTENTS ........ iii

TABLE OF AUTHORITIES ........ iv

STATEMENT OF AUTHORSHIP & FUNDING ........ 1

IDENTITY & INTEREST OF *AMICUS CURIAE* ........ 1

INTRODUCTION ........ 3

ARGUMENT ........ 4

**I. The Court Should Grant Rehearing *En Banc*** ........ 4

**II. The *En Banc* Court Should Correct the *Cray* Panel's Improper Abrogation of *Cordis* and Decide the Legal Test for Venue** ........ 7

CONCLUSION ........ 12

CERTIFICATE OF COMPLIANCE ........ 13

## TABLE OF AUTHORITIES

**Federal Cases**

*Allen v. State Bd. of Electiofis*, 39 U.S. 544 (1969)....................8

*Bellotti v. Baird*, 428 U.S. 132 (1976)....................8

*Bilski v. Kappos*, 561 U.S. 593 (2010)....................4, 5

*Click-To-Call Technologies, LP v. Ingenio, Inc.*, 899 F.3d 1321 (Fed. Cir. 2018) (*en banc*), *cert granted*, 139 S. Ct. 2742 (2019)....................11, 12

*Dean v. United States*, 556 U.S. 568 (2009)....................6, 11, 12

*Deckers Corp. v. United States*, 752 F.3d 949 (Fed. Cir. 2014)....................9

*Duncan v. Walker*, 533 U.S. 167 (2001)....................11, 12

*Engine Mfrs. Ass'n v. South Coast Air Quality Mgmt. Dist.*, 541 U.S. 246 (2004)....................11, 12

*Gibson v. Blackburn*, 744 F.2d 403 (5th Cir. 1984)....................8

*In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985)....................8, 9

*In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017)....................8, 9, 10, 11

*Kingdomware Techs., Inc. v. United States*, 754 F.3d 923, 937 (Fed. Cir. 2014) (Judge Reyna, dissenting), *majority opinion abrogated in Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969 (2016)....................11, 12

*Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781 (E.D. Tex. 2017)....................10

*Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305 (Fed. Cir. 2013)....................9

*Russello v. United States*, 464 U.S. 16 (1983)....................6

*Schwartz v. Million Air, Inc.*, 341 F.3d 1220 (11th Cir. 2003)....................8

*Singleton v. Wulff*, 428 U.S. 106 (1976) ....................................................... 7, 8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017)....... 10

**Statutes and Other Authorities**

28 U.S.C. § 1391 ........................................................................................ 6

28 U.S.C. § 1400(b) ...................................................................... 3, 5, 6, 10

28 U.S.C. § 1694 ........................................................................................ 6

35 U.S.C. § 273 .......................................................................................... 5

Fed. R. App. P. 29(a)(4)(E)........................................................................ 1

Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, § 18(c), 125 Stat. 284, 331 (2011) ................................................................................... 5

https://www.merriamwebster.com/dictionary/place ......................................... 10

## STATEMENT OF AUTHORSHIP & FUNDING

Under Federal Rule of Appellate Procedure 29(a)(4)(E), *Amicus Curiae* US Inventor, Inc. states that no party or its counsel authored this brief in whole or part; no party or its counsel contributed money intended to fund preparing or submitting the brief; and, no person other than *Amicus*, its members or counsel contributed money intended to fund preparing or submitting this brief.

## IDENTITY & INTEREST OF *AMICUS CURIAE*

US Inventor, Inc. is a non-profit association of inventors devoted to protecting the intellectual property of individuals and small companies. It represents its 13,000 inventor and small business members by promoting strong intellectual property rights and a predictable U.S. patent system through education, advocacy and reform. US Inventor was founded to support the innovation efforts of the "little guy" inventors, to ensure that strong patent rights are available to support their efforts and promote continued innovation.

US Inventor has an interest in this proceeding because the underlying decision makes it more difficult for an individual inventor or small business to bring suit in his or her home forum or choice of forum. US Inventor opposes any legal development that will needlessly increase the expense and time for an individual inventor or small business owner to seek relief against a well-funded trespasser.

Petitioner Google LLC and Respondent Super Interconnect Technologies LLC have consented to the filing of this brief.

## INTRODUCTION

The *Google* panel held that a "regular and established place of business" under 28 U.S.C. § 1400(b) means that a defendant's employee or agent must be regularly and physically present in a district in order for venue to be proper. But this judicially-created requirement radically departs from the language of the patent venue statute. It also contradicts controlling precedent. *En banc* review of the panel's decision is therefore warranted for at least two reasons.

First, the underlying decision failed to apply, or consider, canonical statutory interpretation principles. As the Supreme Court has repeatedly explained, the plain language of the statute controls when interpreting a statute. But the underlying decision did not apply these principles.

Specifically, the *Google* panel contended that because the separately-enacted service-of-process statute "may" allow the service on an employee or agent in a district, this means that a regularly-present employee or agent must be in the district to meet venue statute requirements. But this interpretation overlooks the plain language of 28 U.S.C. § 1400(b), which has no "employee or agent" requirement. If Congress intended to foreclose patent venue unless an employee or agent were regularly present in the district under 28 U.S.C. § 1400(b), it would have (and could have) placed those words in the statute. It did not. Thus, because the panel grafted a requirement onto the language of the patent venue statute that does not exist, the

Court should grant *en banc* review to apply correct principles of statutory interpretation.

Second, this case presents a unique opportunity for the *en banc* Court to decide for the first time the correct legal test under the "place of business" prong of the patent venue statute. As explained more fully below, the "physical location" test of *Cray* and its progeny does not comport with this Court's own prior case law or Supreme Court precedent. Thus, in addition to considering whether the patent venue statute requires an "employee or agent," the Court sitting *en banc* may consider whether *Cray* was correctly decided, and in doing so decide what is the proper test for patent venue.

## ARGUMENT

### I. The Court Should Grant Rehearing *En Banc*

The Court should grant rehearing *en banc* for the reasons described in SIT's petition. (Dkt. 37 at 1-18.) US Inventor agrees with SIT's well-reasoned arguments and joins with them. (*Id.*)

US Inventor also makes three additional observations. First, the panel's statutory construction analysis conflicts with how the Supreme Court construed the Patent Act in a recent case. In *Bilski v. Kappos*, the Supreme Court considered whether business method patents were categorically ineligible for patenting under 35 U.S.C. § 101. 561 U.S. 593, 607 (2010). The Supreme Court answered that

question no, reasoning that because a separate part of the Patent Act (35 U.S.C. § 273) encoded a defense to business method patents, the structure of the statutory scheme required that business method patents must be eligible for patenting. *Id.* ("In other words, by allowing this defense the statute itself acknowledges that there may be business method patents."). The enactment of the new defense meant that there existed already a category of assertions to which the defense applies.

The same logic applies here. As Petitioner correctly points out, the Leahy-Smith America Invents Act ("AIA") noted that "an automated teller machine shall not be deemed to be a regular and established place of business for purposes of section 1400(b)" in an infringement action involving a covered business method. (Dkt. 37 at 14-15); Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, § 18(c), 125 Stat. 284, 331 (2011). No such exception would be necessary if automated teller machines were not already considered by Congress to be regular and established places of business in a district. Thus, under *Bilski's* reasoning, for there to be an "exception" to venue for business methods, automated teller machines must be, as a general rule, regular and established places of business under 1400(b). *Bilski*, 561 U.S. at 607.

Following this same logic, since automated teller machines do not require employees or agents—and yet they are generally regular and established places of business—there can be no "employee-agent" requirement under the patent venue

statute. As a result, the *Google* panel's decision contradicts the Supreme Court's statutory construction methodology in *Bilski*. The Court should grant *en banc* review to correct this error.

Second, the *Google* panel ignored that Congress knows how to inject employee-agent concepts in statutes if it so chooses. As just two examples, 28 U.S.C. § 1391 and 28 U.S.C. § 1694 mention officers, employees and agents specifically. Thus, because Congress intentionally omitted an employee-agent requirement from 28 U.S.C. § 1400(b), no such requirement exists. *Russello v. United States*, 464 U.S. 16, 23 (1983) ("[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Further, the use of the term "may" instead of "shall" in 28 U.S.C. § 1694 indicates that service upon an employee or agent in a district is a permissive (not a required) method of service in patent cases. Rather than apply these statutory principles, the panel read otherwise absent words or elements into the statute. *Dean v. United States*, 556 U.S. 568, 568 (2009) ("This Court ordinarily resist[s] reading words or elements into a statute that do not appear on its face.") (quotations omitted).

Third, the Court should grant *en banc* review because the decision has far-reaching implications as a roadmap for the easy manipulation of the venue statute. Under the new *Google* standard for patent venue, willful infringers only need to

change the label of their workers from "employees" to "independent contractors" in order to game the venue system. Such gamesmanship will undoubtedly result in satellite litigation in the lower courts about whether the workers in the district are "employee-agents" or "independent contractors." Of course, patent venue disputes devolving into battles as to whether workers are "employee-agents" or "independent contractors" would ironically transform the simple and plain language of the venue statute into an otherwise unnecessary source of expense and judicial effort. The Court, sitting *en banc*, should therefore take up and reject this new "employee-agent" venue element.

## II. The *En Banc* Court Should Correct the *Cray* Panel's Improper Abrogation of *Cordis* and Decide the Legal Test for Venue

As mentioned, this proceeding also presents an excellent opportunity for the *en banc* Court to decide for the first time the correct legal test for patent venue under the "regular and established place of business" prong. The issue of patent venue still remains an unsettled question. The Supreme Court and the *en banc* Court have not yet decided the correct legal test for patent venue. Consequently, in deciding whether the venue statute has an "employee-agent" limitation, the Court may also take up and decide more broadly what the correct legal standard for patent venue actually is.

In that regard, the legal issue of what the correct standard is for patent venue is a pure question of law that is ripe for this Court to decide *en banc* in this proceeding. *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what

questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases. We announce no general rule.").[1] This is particularly true where new issues pertain to a pure question of law—*i.e.* where factual questions are irrelevant. *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (purely legal issue of federal abstention may be raised for first time on appeal); *Allen v. State Bd. of Electiofis*, 39 U.S. 544, 554 (1969) (appellate court may interpret the statute for the first time on appeal).

There are two important reasons why the Court, sitting *en banc*, should address a narrow but important unresolved question of law in this proceeding.

First, the *Google* panel applied *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) in reaching its decision, simply assuming that *Cray* correctly states the law. The *Cray* panel's decision, in turn, overruled prior Federal Circuit legal standards without proper *en banc* authority. Granting *en banc* review will allow the Court to correct this error.

Historically, prior to this Court's *Cordis* decision, some courts had found that the patent venue statute categorically required a "physical" place. *See In re Cordis Corp.*, 769 F.2d 733, 736-37 (Fed. Cir. 1985). In 1985, the *Cordis* panel rejected that

---

[1] *See also Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003); *Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984).

position and found that "the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there and not as Cordis argues, whether it has a fixed physical presence in the sense of a formal office or store." *Id.* at 737.

However, in 2017, the three-judge *Cray* panel effectively overruled *Cordis* by holding that the patent venue statute requires a "regular and established" "physical place," and that the physical place must be the "place of the defendant." *In re Cray Inc.*, 871 F.3d at 1360. In doing so, the *Cray* panel improperly changed the law (without *en banc* authority) to require (1) a regular and established "physical place" in the district and (2) leasing, possession or control over the place. *Id.* at 1363. But these new requirements contradict the prior *Cordis* decision, which had already held that a physical presence (like a formal office or store) was not required. *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1316 (Fed. Cir. 2013) (*en banc*) ("[p]anel opinions may only be changed by the court sitting en banc"); *Deckers Corp. v. United States*, 752 F.3d 949, 964 (Fed. Cir. 2014) (same). This error has resulted in unnecessary confusion, with district courts applying an incorrect legal test for patent venue ever since.

Consequently, in addressing the *Google* panel's improper "employee-agent" limitation to the patent venue statute, the *en banc* Court may also unwind the *Cray*

panel's unauthorized abrogation of *Cordis*.[2] Further, the *en banc* Court should also answer the important question of what the appropriate legal test is for patent venue.[3]

Second, the *en banc* Court should decide the legal test for patent venue because the *Cray* panel's approach to venue is not consistent with the plain language of the patent venue statute. In that regard, the patent venue statute only requires a "regular and established place of business."[4] 28 U.S.C. § 1400(b). In spite of this plain and simple language, the *Cray* panel required that a plaintiff must establish that a defendant has a "regular and established" "physical place" that is the "place of the defendant" in the district in order to show that venue is proper. 871 F.3d at 1360. *Cray* also explained that, to satisfy this test, a plaintiff must also establish that

---

[2] The *en banc* Court should take up the question now so that the correct legal test is circulated to the lower courts. *See, e.g., TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) (abrogating *VE Holding* twenty-seven years later).

[3] *Amicus* respectfully submits that the test laid out in the underlying *Raytheon* district court decision—which the *Cray* panel vacated—provides an example of a well-reasoned legal framework for patent venue that does not improperly add new "limitations" to the venue statute. *Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 798 (E.D. Tex. June 29, 2017) (analyzing the historical precedent of the patent venue statute and concluding that a four-factor test should be applied). That is because *Raytheon* lays out a four-factor test that eschews bright line tests.

[4] The word "place" in the context of the statute unambiguously means that the defendant is doing business within a "particular region," through ways and means that are systematic and continuous. *See* https://www.merriam-webster.com/dictionary/place (defining place as "a particular region, center of population, or location").

a defendant owns, leases, possesses or exercises control over the physical place. *Id.* at 1363. Further, because of the *Google* decision, now a plaintiff must establish that a defendant's agents (rather than defendant more generally, *e.g.*, through contracts) exercise control over the physical place.

The ever-growing lengthy list of atextual requirements under the patent venue statute (*i.e.* a physical place of business *plus* control or leasing of the physical place *plus* an employee-agent in the district) arose from a lack of regard for basic statutory construction principles. *Dean*, 556 U.S. at 568; *Engine Mfrs. Ass'n v. South Coast Air Quality Mgmt. Dist*., 541 U.S. 246, 253 (2004) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."); *Duncan v. Walker*, 533 U.S. 167, 172-73 (2001) (same); *Click-To-Call Technologies, LP v. Ingenio, Inc*., 899 F.3d 1321, 1328 (Fed. Cir. 2018) (*en banc*), *cert granted on unrelated grounds of Dex Media, Inc. v. Click-To-Call Techs., L.P.*, 139 S. Ct. 2742 (2019) (rejecting a statutory interpretation that "would impose additional conditions not present in the statute's text"); *Kingdomware Techs., Inc. v. United States*, 754 F.3d 923, 937 (Fed. Cir. 2014) (Judge Reyna, dissenting) ("[It] is an improper construction of the statute, as it adds a limitation that does not exist in the plain words of the statute."), *majority opinion abrogated and Judge Reyna's dissent affirmed in Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1975-76 (2016). If

Congress intended these additional limitations, it would have used those words in the statute. *See id.* It did not. Thus, grafting these additional limitations onto the statute was not proper. Granting the Petition to correct these legal errors *en banc* is therefore appropriate.[5]

**CONCLUSION**

For these reasons, the Court should grant *en banc* review and consider the important question of what is the legal test for the patent venue statute.

Dated: March 30, 2020

Respectfully submitted,

*/s/ Robert P. Greenspoon*
Robert P. Greenspoon
FLACHSBART & GREENSPOON, LLC
333 N. Michigan Ave.
Chicago, IL 60601
(312) 551-9500
*rpg@fg-law.com*

***Counsel for Amicus Curiae***

[5] Even if the statute were ambiguous (it is not), there is no evidence suggesting that Congress intended there to be additional requirements now implanted there via judicial decree.

## CERTIFICATE OF COMPLIANCE

This brief complies with the word count limitation of Fed. Cir. R. 35(g), and contains 2,592 words, exclusive of the portions exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using Microsoft Word 2016 in 14-point Times New Roman type.

Dated: March 30, 2020

*/s/ Robert P. Greenspoon*

Robert P. Greenspoon
FLACHSBART & GREENSPOON, LLC
333 N. Michigan Ave.
Chicago, IL 60601
(312) 551-9500
*rpg@fg-law.com*

***Counsel for Amicus Curiae***

**PROOF OF SERVICE**

I hereby certify that on this 30th day of March 2020 I caused copies of the foregoing **BRIEF OF *AMICUS CURIAE* US INVENTOR, INC. IN SUPPORT OF RESPONDENT'S PETITION FOR REHEARING *EN BANC*** to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

Dated: March 30, 2020 *<u>/s/ Robert P. Greenspoon</u>*
Robert P. Greenspoon